```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


GEORGE GERALD RIDER,            )
   #04022-424                   )
                                )
         Plaintiff,             )
                                )
         v.                     )   Civil No. 06-1091 GK
                                )
DRUG ENFORCEMENT ADMINISTRATION )
   U.S. DEPARTMENT OF JUSTICE,  )
                                )
         Defendant.             )
                                )
```

DEFENDANT'S MOTION FOR FURTHER ENLARGEMENT OF TIME

In this Freedom of Information Act [FOIA] case, defendant hereby moves for a further extension of time, to and including October 13, 2006, in which to respond to plaintiff pro se's petition for mandamus, which is in effect plaintiff's Complaint under the FOIA & Privacy Act.[1]  As the accompanying declaration of DEA attorney William Little explains, DEA is currently in the process of retrieving additional records responsive to plaintiff's access request and processing them for possible release to plaintiff.  Due to the volume of records at issue, DEA estimates that it will take six weeks to complete this task,

---

[1] Although defendant could simply move to dismiss the case because mandamus would clearly not lie, see, e.g., Fornaro v. James, 416 F.3d 63, 69 (D.C. Cir. 2005) (mandamus only available when "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff.'"), quoting Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002), it appears that the interests of justice are better served by treating plaintiff's filing as a Complaint under the FOIA, which appears to be its intent.

although DEA will be making an interim response in approximately ten days. Little Declaration, ¶ 13. Accordingly, the additional time requested is needed in order for defendant to be able to respond to plaintiff's filing with a substantive response.[2]

Plaintiff pro se prisoner is exempt from the requirement to confer on nondispositive motions. Accord Local Rule 7(m); Rule 16.3(b).

Accordingly, for the foregoing reasons, defendant respectfully requests that this motion be granted.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, DC BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

---

[2] This motion was not filed sooner because the declarant was out of the office and thus unavailable to sign his declaration explaining the status of the case to the Court.

CERTIFICATE OF SERVICE

I certify that the accompanying Motion for Further Enlargement of Time was served upon plaintiff by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

>   GEORGE GERALD RIDER
>   #04022-424
>   U.S. PENITENTIARY- LEE
>   Post Office Box 305
>   Jonesville, VA 24263-0305

on this ___28th___ day of August, 2006.

>   _____
>   MARINA UTGOFF BRASWELL, D.C. Bar #416587
>   Assistant United States Attorney
>   U.S. Attorney's Office
>   Judiciary Center Building
>   555 4th Street, N.W.
>   Washington, D.C. 20530
>   (202) 514-7226