UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE GERALD RIDER,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1091 GK |
| **DRUG ENFORCEMENT ADMINISTRATION,** | ) |
| Defendant. | ) |

## DECLARATION OF WILLIAM C. LITTLE, JR.

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an Attorney admitted in and a member in good standing in the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am the attorney responsible for matters involving the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and Privacy Act (PA), 5 U.S.C. § 552a, in which DEA is an interested party. I have served in this capacity since about April 26, 1999.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received formal training and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. I am responsible for review, for litigation purposes, of both the initially processed and appealed FOI/PA requests that are received by DEA, and provide litigation support for matters all arising under the Freedom of Information Act and the Privacy Act (PA) in which DEA is an interested party.

7. In defense of FOI/PA actions, I am responsible for taking remedial action when ordered by courts or when deficiencies in responding to, processing or release of information are noticed in the course of litigation review.

8. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

9. The DEA Freedom of Information Operations Unit (SARO) is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA received by DEA. I am also familiar with the policies, practices and procedures SARO employs that relate to the search for, and the processing and release of information responsive to FOIA/PA requests received by DEA.

10. In preparing this declaration, I read and am familiar with the Complaint in the above titled matter, and the records maintained by SARO. I also reviewed the files maintained by SARO and all associated documentation. The file containing the plaintiff's FOIA request was assigned DEA FOIA Request No. 05-1158-P.

11. The plaintiff's request was for "disclosure of copies of information, records, and other materials relating to [him], including materials identified by or in reference to a personal identifier assigned to [his] name, contained within the files of [DEA], including but not limited to targets of investigations, ongoing investigations, survellience (sic), outstanding warrants, financial inquiry, etc." When reviewing the SARO file in preparation for responding to the plaintiff's complaint, it was noticed that the plaintiff was mentioned in 17 investigative case files. However, only four (4) files had been retrieved, searched and responsive information copied and processed.

12. The plaintiff's request did not limit the scope of the search in time, place or topic. The plaintiff's request also encompasses information that would be contained in files maintained at

3

DEA field offices. To complete the search for records responsive to the plaintiff's request, it is necessary to retrieve and search the remaining 14 headquarters files and corresponding field files.

13. Since the initiation the litigation review, the processing of four (4) headquarters investigative files has been completed. However, the review of this processing has not been completed, but will be within the next 10 days. All field offices have been contacted and a request made to search their files for responsive information and forward the records to my office. In several instances, the field file was obtained by Headquarters directly to conduct the search.

14. Where headquarters and field files are stored in long term storage, the files were ordered. It is anticipated that the files will be received withing the next five (5) to seven days. Once the files are obtained, the individual investigative reports must be identified, recopied, processed and again reviewed to insure that all non-exempt information under the FOIA or the Privacy Act is made available to the plaintiff.

15. Additional time is also required to allow for the preparation of the DEA declaration and *Vaughn* index. It is estimated that the search for, identification and review of the remaining responsive information, and release of non-exempt information can be accomplished within six (6) weeks. Since the plaintiff has already deposited the estimated fee, an initial release of processed materials can be made within the next 10 days. Once all releases have been made the DEA declaration and *Vaughn* index could be finalized within three (3) weeks.

4

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

August 28, 2006
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537