UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


GEORGE GERALD RIDER,
    Plaintiff,

    V.

DRUG ENFORCEMENT ADMINISTRATION, et al.
    Defendants.

CIVIL ACTION NO.:

06-1091GK

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

    NOW COMES, the Plaintiff, GEORGE GERALD RIDER, acting herein Pro-Se, (unless otherwise stated hereinafter referred to as "Plaintiff"), and pursuant to Rule 55 of Federal Rules Of Civil Procedure, respectfully requests this Honorable Court to enter an ORDER holding the Defendants in Default. For the reasons that follow, Plaintiff's motion should be granted.

PRELIMINARY STATEMENT

    The reality of this case is that Plaintiff is being prejudiced by a systematic course of abuse of authority that can only be remedied by the immediate release of all documents bearing Plaintiff's name, as well as stiff sanctions for WILLIAM C. LITTLE JR., Senior Attorney for the Drug Enforcement Administration. To state this differently, in order to safeguard Plaintiff's Due Process and Civil Rights, this court should deny the Drug Enforcement administration's feeble and futile request

**RECEIVED**

OCT 27 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

for yet another extension of time to turn over documents it possessed and should have turned them over a year ago.

## RELEVANT BACKGROUND

On March 22, 2005, Plaintiff filed a Freedom of Information Act ("FOIA", requesting specific information, including but not limited to targets of investigations, ongoing investigations, surveillance, outstanding warrants, financial inquiries, etc.

On July 21, 2005, Plaintiff received a response from the Drug Enforcement Administration's Office that was transferred from the Arlington, Virginia Office. The response was to acknowledge the receipt of inquiry of June 15, 2005.

On August 24, 2005, Plaintiff received a correspondence from the Drug Enforcement Administration.

On October 26, 2005, Plaintiff received correspondence from the Drug Enforcement Administration attempting to justify it's failure to fulfill Plaintiff's FOIA request timely.

On December 21, 2005, Plaintiff received correspondence from the Drug Enforcement Administration demanding a fee of US$255.00 to fulfill Plaintiff's FOIA request.

On February 24, 2006, Plaintiff received correspondence from the Drug Enforcement Administration advising Plaintiff that it was in receipt of Plaintiff's US$255.00, to satisfy the fees requested in fulfilling Plaintiff's FOIA request.

On February 24, 2006 and March 16, 2006, Plaintiff received correspondences from the Drug Enforcement Administration attempting to justify not fulfilling Plaintiff's FOIA request even <u>after</u> Plaintiff had paid the US$255.00 processing fee that had been demanded by the Drug Enforcement Administration.

On October 16, 2006, the Drug Enforcement Administration requested yet again, another extension of time inwhich to comply with Plaintiff's FOIA requests.

ARGUMENT

It is completely unreasonable and a constructive denial by the Drug Enforcement Administration to yet again request another extension of time. After all the protracted delays in complying with Plaintiff's FOIA requests, further extension would undermine the confidence in the way how justice should be administered

Moreover, the extraordinary and unnecessary protracted delays by the Drug Enforcement Administration is indicative of the very low priority the Drug Enforcement Administration has thus far given to this matter, and it also discloses the DEA's utter disdain for the Plaintiff in particular. Allowing the Plaintiff's request to languish for almost two years is nothing short of unconscionable. Plaintiff has had to file a Writ of Mandamus in order to remind the Drug Enforcement Administration of it's responsibility and Plaintiff's rights in this regard.

Notwithstanding Plaintiff's rights and the age of this matter, the Drug Enforcement Administration has seen fit to protract the proceedings further by requesting additional time, on top of the several additional extensions of time it had already gotten. How much <u>time</u>, is enough <u>time</u>? When, is this court going to put an end to the Drug Enforcement Administration's delay tactics and disregard for the law? It should be mindful that, justice delayed, is justice denied, or no justice at all!

Plaintiff submits that the Drug Enforcement Administration's obvious affront to fairness, joined with the fact that Plaintiff has long paid the US$255.00 fee demanded by the DEA, and the DEA's unconscionable refusal to turn over any relevant documents to the Plaintiff, clearly shows a miscarriage of justice that <u>cannot</u> and <u>should</u> <u>not</u> be explained away.

It is respectfully suggested that the Drug Enforcement Administration should should be required to take into serious consideration the fact that the confidence in fairness of the Law Enforcement Community is vital to the continued success of our Democratic System. To this end, our Law Enforcement Community must <u>not</u> only be fair, it must also <u>appear</u> to be fair.

In sum, as a Law Enforcement body, the Drug Enforcement Administration and/or WILLIAM C. LITTLE JR., who have taken an oath of office, knew quite well that it was and still is a criminal violation to cover-up and lie under the disguise of the Drug Enforcement Administration's heavy caseload and/or computer transition, and for using the color of the law to violate Plaintiff's civil rights and due process rights by knowingly, intentionally, and deliberately withholding documents relevant to the Plaintiff.

In conclusion, for almost two years now, the Drug Enforcement Administration has failed to comply with this Court's Order, or Plaintiff's request for relevant documents. To compound it's blatant disregard for the law, the Drug Enforcement Administration is once again up to it's old trick, by seeking yet another extension of time to forward the relevant documents to the Plaintiff. However, this Court should <u>not</u> condone such a clear violation of the law. Instead, the Plaintiff asks that this Court utilize strict compliance in regard to it's previous order. In other words, anything less than the turning over of the Plaintiff's requested documents would run afoul with this Court and the law.

PAGE: 4

Wherefore, based upon the aforementioned, the interest of justice will best be served by denying the Drug Enforcement Administration's additional request for another needless extension of time to comply with the Plaintiff's request, and Order said DEA to forward the Plaintiff's requested documents, forthwith.

Executed this 21 day of October, 2006.

Respectfully submitted,

*George G. Rider*
George Gerald Rider, Pro-Se
Reg. No.: 04022-424
USP-LEE COUNTY
P.O. BOX 305
Jonesville, VA 24263-0305

PAGE: 5

PROOF OF SERVICE

I, the Undersigned, do hereby state and declare pursuant to Penalty of Perjury, 28 U.S.C. § 1746, that a True and Accurate copy of the foregoing "PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT" has been forwarded to the addressees below:

1)  U.S. Department of Justice
    Drug Enforcement Administration
    Freedom of Information Section
    Washington, D.C. 20537

2)  A.C.L.U.
    132 West 43rd Street
    New York, N.Y. 10036

3)  U.S. Department of Justice
    Civil Rights Division
    Washington, D.C. 20530

*George G. Rider*
George Gerald Rider, Pro-Se