UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE GERALD RIDER,<br><br>Plaintiff,<br><br>v.<br><br>DRUG ENFORCEMENT<br>ADMINISTRATION,<br><br>Defendant. | Civil Action No. 06-1091 GK |

**DECLARATION OF WILLIAM C. LITTLE, JR.**

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am an Attorney admitted in and a member in good standing in the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am the attorney responsible for matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA), 5 U.S.C. § 552a, in which DEA is an interested party. I have served in this capacity since about April 26, 1999.

4. This declaration supplements my prior declaration dated August 28, 2006.

5. At the time of the submission of my previous declaration, the search of four (4) headquarters investigative files was completed by the DEA Freedom of Information Operations Unit (SARO. However, the material had not been reviewed.

6. The review was completed within about 10 days of the filing of my prior declaration. However, several deficiencies were discovered which required the re-initiation of the search, the identification of responsive records, and the re-processing of a number of pages that had been previously processed.

7. At the time of my August 28, 2006 declaration, plaintiff had been sent a letter assessing fees, but that letter and fee was based upon the search of only four (4) headquarters files. No field office that maintained investigative files containing responsive records had been contacted and asked to search their files for responsive information.

8. For each investigative case file, DEA maintains a headquarters file and a field file. In this case, relevant offices include the Baltimore, Detroit and Nashville resident offices and field divisions. Since many of the files were more that 10 years old, both the field and headquarters files were archived at their respective regional storage facilities.

9. Requests were made to the relevant field offices to retrieve and search the files for responsive information and forward the results to me at headquarters. Due to the volume of files needed to be searched, the alternative was presented to the field offices to forward the files to headquarters for a more particularized search to be conducted of those files. In several instances, the field files were sent and received at DEA Headquarters.

10. There is an additional fee to be assessed to plaintiff associated with the search of the remaining 38 files.

11. By letter dated October 24, 2006, 103 pages of responsive information were released to the plaintiff. The plaintiff was also informed of the number of the files in which he was mentioned, the estimated fee to search these remaining files, and given the option to reformulate his request. Alternatively, plaintiff was asked to promise to pay the fee assessed at the conclusion of the search and processing of any releasable responsive information. See copy of letter attached. Plaintiff was asked to respond to the fee letter within 30 days.

12. No response has been receive from the plaintiff as of the date of this declaration.

13. Currently, there are approximately 8 field files controlled by the Detroit division that have not been received by the Detroit field office or DEA Headquarters. Until such time as the files are received and notice is received from the plaintiff that he agrees to pay, the search, review and release of additional files cannot continue.

14. Thus, DEA requests an additional 60 days in order to allow the plaintiff to respond, and to allow DEA time to obtain and process all of the field files. Depending on the plaintiff's response, additional time may be required to allow for the final preparation of the DEA declaration and *Vaughn* index

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Oct 31, 2006
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537