UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE G. RIDER,
    PETITIONER,

CASE NO.:_____

CIVIL NO.: 06-1091GK

VS.

TERRY O'BRIEN, (WARDEN), et. al.,
    RESPONDENT(S).
_____/

PETITIONER'S REQUEST FOR WRIT OF HABEAS CORPUS
PURSUANT TO TITLE 28 U.S.C. § 2241, INCLUDING
THE DEPRIVATION OF PETITIONER'S FIRST AND FIFTH
AMENDMENT DUE PROCESS RIGHTS TO DOCUMENTS BEARING
PETITIONER'S NAME.

NOW COMES, the Petitioner, George G. Rider, <u>Pro-Se</u> (unless otherwise noted, hereinafter referred to as "Petitioner"), pursuant to Title 28, United States Code, Section 2241, respectfully requests this Honorable Court to grant Petitioner's Writ of Habeas Corpus for the deprivation of his constitutional rights to documents bearing Petitioner's name. As grounds there for, Petitioner would state as follows:

JURISDICTION

This court is vested with jurisdiction to hear and ruled on the merits of Petitioner's request for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2241 and § 2246.

RESPONSE PERIOD AND REQUEST FOR
EMERGENCY EVIDENTIARY HEARING

Petitioner invokes the three (3) day time period, and limited extension to twenty (20) day time period for the response of the present Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2243. Petitioner also invokes the evidentiary hearing requirement of Title 18 U.S.C. § 2241, and emergency evidentiary hearing in the event that the facts of the claims presented are disputed by the Respondents. See, Title 28 U.S.C. § 1657; also see, Stewart v. Martinez-Villareal, 140 L.Ed.2d 849, 118 S.Ct. 1618 (1998); and § 2241(c)(3).

## FACTS

On March 22, 2005, Plaintiff filed to the Freedom of Information Act ("FOIA"), requesting specific information, included but not limited to targets of investigations, ongoing investigations, surveillance, outstanding warrants, financial inquiry, etc..

On July 21, 2005, Plaintiff received a correspondence from the DEA's office that was transferred from Arlington, Virginia office of the DEA. The response was receipt of the Inquiry of June 15, 2005.

On August 24, 2005, Plaintiff received another correspondence from the DEA.

On October 26, 2005, Plaintiff received another correspondence from the DEA attempting to justify it's failure to fulfill Plaintiff's FOIA request in a timely manner.

On December 21, 2005, Plaintiff received another correspondence from the DEA demanding an estimated fee of $255.00 to fulfill Plaintiff's FOIA request.

PAGE: 2

FACTS
(CONTINUED)

On February 24, 2006, Plaintiff received another correspondence from the DEA advising Plaintiff that it was in receipt of Plaintiff's $255.00 to satisfy the estimated fee in fulfilling Plaintiff's FOIA request.

On February 24, 2006, and on March 16, 2006, Plaintiff received correspondence from the DEA attempting to justify not fulfilling Plaintiff's FOIA request even after Plaintiff had paid the $255.00, demanded by the DEA.

Unbelievably, on October 16, 2006, the DEA had requested yet again another extension of the time in which to comply with Plaintiff's request. And, as if to add injury to insult, on October 30, 2006, Petitioner received yet another letter from the DEA in which the DEA demanded an additional amount of $3,000.00 from Petitioner for the requested documents.

ARGUMENT

THE DEPRIVATION OF PETITIONER'S FIRST AND
FIFTH AMENDMENT DUE PROCESS RIGHTS TO
DOCUMENTS BEARING PETITIONER'S NAME.

Petitioner contends that the Drug Enforcement Administration had violated his First Amendment right to freedom of access to documents bearing Petitioner's name, as well as violated Petitioner's Fifth Amendment due process right by depriving Petitioner access to documents bearing Petitioner's name.

ARGUMENT
(CONTINUED)

The First Amendment to the United States Constitution states, in pertinent part, as follows:

> "Congress shall make no law respecting an establishment of Religion, or prohibiting the Free Exercise thereof; or <u>abridging the freedom of speech</u>, or the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

Freedom of access to documents bearing a person's name falls under the umbrella of Freedom of Speech. As such, by denying Petitioner's documents bearing his name, the DEA has violated Petitioner's First Amendment right to Freedom of Speech.

Furthermore, the Fifth Amendment to the United States Constitution states:

> "<u>No person shall be deprived of Life, Liberty, or Property,</u> without due process of law; nor shall private property be taken for public use, without just compensation."

Yet, notwithstanding the Fifth Amendment's mandate, Petitioner has been deprived of his property - the documents bearing his name. Due Process of Lae mandates that Government Officials - including the DEA - must observe the decencies of a civilized society. Certainly, in a civilized society, Law Enforcement Agents must <u>not</u> be

PAGE: 4

ARGUMENT

(CONTINUED)


permitted to arbitrarily and capriciously deny a citizen access to documents bearing his or her name.

Over 30-years ago, the U.S. Supreme Court had warned that Government Agents run awry of the Due Process Law if, and to the extent that, their investigative conduct violates "Fundamental Fairness" and is "Shocking To The Universal Sense Of Justice." See, United States v. Russell, 411 U.S. 423 (1973). "After all, there is no more tyranny than which is exercised under the cover of law, and with the colors of justice." United States v. Jannettie, 673 F.2d 578, 614 (3rd Cir. 1982).

In the instant case, Petitioner submits that he is entitled to all documents within the possession and care of the DEA that bears Petitioner's name. The protracted delay tactic and sly strategy used by the DEA to avoid turning over Petitioner's papers, must come to a halt.

WHEREFORE, based upon the foregoing and in the interest of justice, Petitioner GEORGE G. RIDER, humbly urges this Honorable Court to ORDER the DEA to forward to Petitioner - free of cost - all documents and papers bearing Petitioner's name.

Executed this 13th day of November, 2006.

Respectfully Submitted,

*George G. Rider*
George G. Rider, Pro-Se
Reg.: # 04022-424
USP-LEE COUNTY
P.O. BOX 305
JONESVILLE, VA 24263-0305

PROOF OF SERVICE

I, the Undersigned, do hereby state and declare, under Penalty of Perjury, 28 U.S.C. § 1746, that a True Copy of the foregoing Title 28 U.S.C. § 2241 Petition has been forwarded to Respondent's Attorney:

U.S. DEPT. OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION
FREEDOM OF INFORMATION SECTION
WASHINGTON, D.C. 20537

Executed this 13th day of November, 2006.

*George G. Rider*
George G. Rider
(The Undersigned)