```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


GEORGE GERALD RIDER,           )
   #04022-424                  )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil No. 06-1091 GK
                               )
DRUG ENFORCEMENT ADMINISTRATION)
  U.S. DEPARTMENT OF JUSTICE,  )
                               )
        Defendant.             )
_____)
```

                    DEFENDANT'S MOTION TO DISMISS OR,
               IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

     In this Freedom of Information Act/Privacy Act suit, defendant U.S. Department of Justice [DOJ] respectfully moves the Court, pursuant to Rules 12(b)(1) and (6) and 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment in favor of defendant on the grounds that no genuine issue as to any material fact exists and dismissing this case as plaintiff has failed to exhaust his administrative remedies.  In support of this motion, the Court is respectfully referred to the accompanying declaration from defendant, the Statement Of Material Facts As To Which There Is No Genuine Issue, and the Memorandum Of Points And Authorities In Support Of Defendant's Motion To Dismiss or, in the Alternative, For Summary Judgment. A proposed order consistent with the relief sought is also

attached.

                              Respectfully submitted,

                              _____
                              JEFFREY A. TAYLOR, D.C. BAR # 498610
                              United States Attorney

                              _____
                              RUDOLPH CONTRERAS, D.C. BAR # 434122
                              Assistant United States Attorney

                              _____
                              MARINA UTGOFF BRASWELL, D.C. BAR #416587
                              Assistant United States Attorney
                              U.S. Attorney's Office
                              555 4th Street, N.W. - Civil Division
                              Washington, D.C. 20530
                              (202) 514-7226

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA


GEORGE GERALD RIDER,            )
   #04022-424                   )
                                )
        Plaintiff,              )
                                )
        v.                      )    Civil No. 06-1091 GK
                                )
DRUG ENFORCEMENT ADMINISTRATION )
   U.S. DEPARTMENT OF JUSTICE,  )
                                )
        Defendant.              )
_____)
```

               STATEMENT OF MATERIAL FACTS AS
               TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7.1(h), defendant United States Department of Justice [DOJ] submits this statement of material facts as to which there is no genuine issue:

1.  By letter dated June 15, 2005, plaintiff requested information from DOJ's Drug Enforcement Administration [DEA] relating to himself, including targets of investigations, ongoing investigations, surveillance, outstanding warrants, financial inquiry, and other matters.  Plaintiff agreed to pay reasonable charges for search and copying "pursuant to regulations of the agency and terms of the statutes."  Declaration of Leila Wassom [Wassom Dec.], attached, ¶ 6 & Exhibit A.

2.  By letter dated July 21, 2005, DEA informed plaintiff that it would be necessary for him to submit identifying information, which plaintiff did.  Wassom Dec., ¶ 7 & Exhibit B.

3.  By letter dated August 24, 2005, DEA acknowledged

plaintiff's request and informed him that it would be processed in chronological order based on the date of its letter.  The letter confirmed plaintiff's statement in his request letter that he had promised to pay reasonable fees.  Wassom Dec., ¶ 8 & Exhibit C.

   4.   By letter dated December 21, 2005, DEA informed plaintiff that the search and/or reproduction fees for processing his request would exceed $255.00, and that upon receipt of his payment, DEA would initiate further processing of his request.  Wassom Dec., ¶ 11 & Exhibit F.

   5.   Plaintiff submitted a money order for $255.00, which was acknowledged by DEA by letter dated February 24, 2006.  Wassom Dec., ¶ 12 & Exhibit G.

   6.   By letter dated October 24, 2006, DEA released to plaintiff portions of 96 pages and seven (7) pages in their entirety, and informed the plaintiff that 119 pages were withheld in their entirety.  Information was withheld pursuant to Freedom of Information Act [FOIA] exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F).  Wassom Dec., ¶ 17.

   7.   In the letter dated October 24, 2006, DEA also informed plaintiff that a litigation review had been conducted of his FOIA request and that there were a total of 44 DEA investigative files in which he is mentioned, 22 headquarters files and 22 corresponding field files.  DEA also informed plaintiff that of

the 22 file numbers, five (5) are designated Subject/Defendant and the remaining 17 are related files.  DEA further informed plaintiff that five (5) headquarters and one (1) field Subject/Defendant files were searched.  Wassom Dec., ¶ 18.

    8.  DEA further informed plaintiff that the approximate estimated cost of searching and processing the remaining responsive records would be $3,000, and that if he wished the fee to be reduced, he could elect to have only the headquarters or field office files searched, or could limit his request to subject/defendant or related files, and/or specify a period of time in which case files were established or reports created.  DEA asked plaintiff to respond within 30 days.  Wassom Dec., ¶ 19 & Exhibit L.

    9.  Plaintiff received the letter on October 30, 2006.  Wassom Dec., ¶ 20 & Exhibit M.

10. As of this date, plaintiff has not responded to the DEA's fee letter dated October 26, 2006. Wassom Dec., ¶ 21.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


GEORGE GERALD RIDER,            )
  #04022-424                    )
                                )
        Plaintiff,              )
                                )
        v.                      )   Civil No. 06-1091 GK
                                )
DRUG ENFORCEMENT ADMINISTRATION )
  U.S. DEPARTMENT OF JUSTICE,   )
                                )
        Defendant.              )
_____)
```

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S
<u>MOTIONS FOR MANDAMUS, DEFAULT AND FOR A WRIT OF HABEAS CORPUS</u>

<u>PRELIMINARY STATEMENT</u>

In this action, commenced pursuant to the Freedom of Information Act [FOIA], 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, plaintiff seeks access to certain records pertaining to himself. The accompanying declaration of Leila I. Wassom [Wassom Dec.], Paralegal Specialist, Office of Chief Counsel, Dug Enforcement Administration [DEA], filed on this date, recounts the chronology of defendant's administrative processing of the records requested by plaintiff and demonstrates that plaintiff has failed to exhaust his administrative remedies with respect to the fees owed in connection with completion of his access request.

Accordingly, based upon this declaration, the entire record, and for the reasons set forth below, defendant respectfully

submits that plaintiff's claims should be dismissed for failure to exhaust administrative remedies.

Additionally, plaintiff's petition for the issuance of a writ of mandamus, motion for default and petition for a writ of habeas corpus should be denied.  Plaintiff can show no right to have his FOIA/Privacy Act request processed without the payment of fees.  Defendant is not in default in responding to plaintiff's suit; this Court has granted defendant's requests for extension of time.  Finally, plaintiff's writ of habeas corpus must be denied for failure to state a claim.

ARGUMENT[1]

I.  This Case Should be Dismissed for Failure to
    Exhaust Administrative Remedies.

Under the FOIA, a plaintiff must exhaust administrative remedies before seeking judicial review of any alleged improper withholding.  See, e.g., Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004); Summers v. Department of Justice, 140 F.3d 1077, 1080 (D.C. Cir. 1998); Oglesby v. United States Department of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990). The exhaustion

---

[1] Although the Wassom Declaration also identifies the basis for withholding certain information from plaintiff, as explained below plaintiff is not entitled to a consideration of the merits of defendant's withholding of information in light of his failure to pay the necessary fee.  Should plaintiff agree, however, to consider his access request fully responded to and wish solely to litigate the withholding of information already produced, defendant stands ready to proceed in such fashion.  Absent such an agreement by plaintiff, however, his FOIA/Privacy Act request is still outstanding due to his failure to pay the fee assessed.

requirement includes following an agency's fee regulations and, where appropriate, paying the fees assessed.  5 U.S.C. § 552(a)(3)(B); Oglesby, 920 F.2d at 66 & n.11, 71; Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 33 (D.D.C. 2002).  A requester has failed to exhaust administrative remedies if the requester does not comply with an agency's fee requirements.  Oglesby, 920 F.2d at 66 & n.11, 71; Center to Prevent Handgun Violence, v. United States Dep't of the Treasury, 981 F. Supp. 20, 23 (D.D.C. 1997);  Trueblood v. United States Dep't of the Treasury, 943 F. Supp. 64, 68 (D.D.C. 1996).  Such a failure deprives plaintiff of the right to judicial review of his access claims.  Id.

Here, plaintiff has been informed of the fee he must pay in order for DEA to fully respond to his FOIA/Privacy Act request.  To date plaintiff has failed to pay the assessed fee.  Under such circumstances, this case should be dismissed.

   II.  Plaintiff's Petition for a Writ of
        Mandamus Should be Denied.

Plaintiff requests the Court to order defendant to respond to his request for information.  Since the filing of this petition, defendant has responded in part to plaintiff's request.  Wassom Dec., ¶ 17.  Defendant has not responded further due to plaintiff's failure to pay the assessed fee.  Id. at ¶¶ 19-21.

The Court of Appeals for this Circuit has emphasized that jurisdiction over actions in the nature of mandamus "is strictly

confined." In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005). It is beyond dispute that the mandamus remedy under 28 U.S.C. § 1361 "is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980); In re Cheney, 406 F.3d at 729. The remedy is "hardly ever granted." In re Cheney, 406 F.3d at 729. A party seeking the issuance of a writ of mandamus has "'the burden of showing that [his] right to issuance of the writ is "clear and indisputable."'" Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted); In re Cheney, 406 F.3d at 729. Such a right is "'clear and indisputable" only when "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff.'" Fornaro v. James, 416 F.3d 63, 69 (D.C. Cir. 2005), quoting Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002). The duty of the officer to act must be specifically established by law and plainly defined. See, e.g., Haneke v. Secretary of Health, Ed. and Welfare, 535 F.2d 1291, 1296 n.15 (D.C. Cir. 1976). Only if there is a clear obligation to perform a ministerial duty may the Court issue a writ of mandamus to compel the fulfillment of that obligation. Nat'l Wildlife Federation v. United States, 626 F.2d 917, 923 (D.C. Cir. 1980). In addition, "[e]ven if the plaintiff overcomes all these hurdles, whether mandamus relief should issue is discretionary"

- 4 -

with the Court.  In re Cheney, 406 F.3d at 729. Moreover, the Mandamus Act "does not allow judicial intervention in matters which are within properly-exercised discretion of government officials." Welch v. Donovan, 551 F. Supp. 809, 810 (D.D.C. 1982).  See, e.g., Haneke v. Secretary of Health and Welfare, 535 F.2d at 1296 n.15.

Applying the principles set forth above, it is clear that plaintiff is not entitled to relief in the form of mandamus.  He has been provided with releasable information for which he paid.  If he wishes to consider his access request complete, he may seek to further this case under FOIA judicial review provisions, and thus mandamus remedy is not the only available remedy.  He certainly is not entitled to any further release of information absent a payment of the fees assessed.  There simply is no basis for any mandamus relief in connection with plaintiff's claims in this case.

### III. Plaintiff's Motions for Default and for a Writ of Habeas Corpus Should be Denied.

Plaintiff moved for default on the grounds that defendant has not produced any documents in response to his request for information.  Docket No. 10.  As demonstrated above, defendant has responded in part to plaintiff's request and would have responded further upon payment of the assessed fee.

With respect to this litigation, defendant is not in default.  This Court has granted defendant's requests for

extension of time and today is the due date for this filing. Thus, defendant is not in default of its obligation to respond to the Complaint [titled by plaintiff as a "Petition for Issuance of a Writ of Mandamus"] in this case. Under such circumstances, plaintiff's motion for default should be denied.

Plaintiff also has filed a Petition for a Writ of Habeas Corpus. Docket No. 13. The title of this motion is a misnomer, or plaintiff has failed to state a claim, as plaintiff does not seek habeas corpus relief. Habeas corpus is the exclusive remedy for any prisoner who seeks to gain earlier release or even to improve his chances of earlier release. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc); see also Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). Here, by contrast, plaintiff does not challenge any aspect of his physical custody. Rather, he merely alleges a First and Fifth Amendment right to the information he has requested. See Docket No. 13.

Plaintiff argues that "[f]reedom of access to documents bearing a person's name falls under the umbrella of Freedom of Speech." Docket No. 13 at 4. Plaintiff, however, cites no authority for this proposition nor is defendant aware of any.

Plaintiff also argues that he has been deprived of his Fifth Amendment right to his property, which consists of documents bearing his name.  Id.  Again, plaintiff cites no authority for the untenable proposition that documents bearing an individual's name are the property of that individual, regardless of who created or possesses the documents.  Under plaintiff's theory, this Court's documents that mention his name are his property.  Plainly, this is not the case.

Plaintiff's tortured attempt to turn a FOIA/Privacy Act case into a constitutional one should be rejected.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, defendant respectfully submits that this motion should be granted and plaintiff's motions for mandamus, default and a writ of habeas

corpus should be denied.[2]

                                          Respectfully submitted,

                                          _____
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney

                                          _____
                                          RUDOLPH CONTRERAS, D.C. BAR # 434122
                                          Assistant United States Attorney

                                          _____
                                          MARINA UTGOFF BRASWELL, DC BAR #416587
                                          Assistant United States Attorney
                                          U.S. Attorney's Office
                                          555 4th Street, N.W. - Civil Division
                                          Washington, D.C. 20530
                                          (202) 514-7226

---

[2] Plaintiff <u>pro se</u> is hereby advised to review Attachment A with respect to the civil rules concerning responding to a dispositive motion such as this one.

CERTIFICATE OF SERVICE

I certify that the accompanying dispositive motion and opposition memorandum, with attached declaration and exhibits, was served upon plaintiff by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

> GEORGE GERALD RIDER
> C/o Deday La Rene, Attorney at Law
> 7737 Rocton Court
> Chevy Chase, MD 20815

on this   5th    day of December, 2006.

> MARINA UTGOFF BRASWELL, D.C. Bar #416587
> Assistant United States Attorney
> U.S. Attorney's Office
> Judiciary Center Building
> 555 4th Street, N.W.
> Washington, D.C. 20530
> (202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE GERALD RIDER,<br>  #04022-424 )<br>  )<br>  )<br>        Plaintiff, )<br>  )<br>        v. )<br>  )<br>DRUG ENFORCEMENT ADMINISTRATION)<br>  U.S. DEPARTMENT OF JUSTICE, )<br>  )<br>        Defendant. )<br>_____) | Civil No. 06-1091 GK |

**ORDER**

Upon consideration of defendant's motion to dismiss or, in the alternative, for summary judgment, of plaintiff's petition for the issuance of a writ of mandamus, plaintiff's motion for default and plaintiff's petition for a writ of habeas corpus, and of the entire record, and it appearing to the Court that the granting of defendant's motion and the denial of plaintiff's petitions and motion would be just and proper, it is by the Court this _____ day of _____, 2006,

ORDERED that plaintiff's petition for the issuance of a writ of mandamus, plaintiff's motion for default and plaintiff's petition for a writ of habeas corpus be, and they are denied; and it is further

ORDERED that defendant's motion to dismiss or, in the alternative, for summary judgment be, and it hereby is, granted; and it is further

ORDERED that this case be, and it is, dismissed with

prejudice.

                                                                                   _____
                                                                                   UNITED STATES DISTRICT COURT


Marina Utgoff Braswell
Assistant U.S. Attorney
U.S. Attorney's Office
Judiciary Center
555 - 4th Street, N.W.
Washington, D.C. 20530


George Rider
C/o Deday La Rene, Attorney at Law
7737 Rocton Court
Chevy Chase, MD 20815