UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE G. RIDER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DRUG ENFORCEMENT )<br>ADMINISTRATION, )<br>)<br>)<br>Defendants )<br>_____ ) | Civil Action No. 06–1091 GK |

## DECLARATION OF LEILA I. WASSOM

1. I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters, Washington, D.C. From August 1991 to June 2005, I was assigned to the Freedom of Information and Records Management Section, DEA Headquarters.

2. I review for litigation purposes both the initially processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests received by DEA. I have performed these duties at DEA since 1991.

3. My duties require that I am familiar with the policies and practices of DEA regarding the processing and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, in the above entitled action, and the records maintained by the DEA Freedom of Information Operations Unit (SARO).

5. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## SUMMARY OF CORRESPONDENCE

6. By letter dated June 15, 2005, the plaintiff requested information relating to himself, including targets of investigations, ongoing investigations, surveillance, outstanding warrants, financial inquiry, etc. The plaintiff agreed to pay reasonable charges for search and copying "pursuant to regulations of the agency and terms of the statutes." A copy of the plaintiff's letter dated June 15, 2005, is attached as Exhibit A.

7. By letter dated July 21, 2005, DEA informed the plaintiff that it would be necessary for him to submit identifying information. DEA provided a Certificate of Identity. The plaintiff returned the signed Certificate of Identity with the appropriate information included. Copies of the DEA letter dated July 21, 2005, and the signed Certificate of Identity are attached as Exhibit B.

8. By letter dated August 24, 2005, DEA acknowledged the plaintiff's request and informed him that it would be processed in chronological order based on the date of its letter. DEA apologized

for the inordinate time it had taken to respond to the completed Certificate of Identity, stating that DEA was experiencing delays due to a computer transition. The letter confirmed the plaintiff's statement in his request letter that he had promised to pay reasonable fees. A copy of the DEA letter dated August 24, 2005, is attached as Exhibit C.

9. By letter dated September 28, 2005, the plaintiff requested a prompt and expeditious response to his request. A copy of the plaintiff's letter dated September 28, 2005, is attached as Exhibit D.

10. By letter dated October 26, 2005, DEA informed the plaintiff that his request would be handled in chronological order based on the date of receipt and would be handled as expeditiously as possible when it was assigned for processing. A copy of the DEA letter dated October 26, 2005, is attached as Exhibit E.

11. By letter dated December 21, 2005, DEA informed the plaintiff that the search and/or reproduction fees for processing his request would exceed $255.00, and that upon receipt of his payment, DEA would initiate further processing of his request. A copy of the DEA letter dated December 21, 2005, is attached as Exhibit F.

12. The plaintiff submitted a money order for $255.00. By letter dated February 24, 2006, DEA acknowledged the plaintiff's money order for $255.00. A copy of the DEA letter dated February 24, 2006, is attached as Exhibit G.

13. By letter dated February 6, 2006, the plaintiff requested the status of his request. A copy of the plaintiff's letter dated February 6, 2006, is attached as Exhibit H.

14. By letter dated February 24, 2006, DEA again informed the plaintiff that his request would be handled in chronological order based on the date of receipt and would be handled as expeditiously as possible when it was assigned for processing. A copy of the DEA letter dated February 24, 2006, is attached as Exhibit I.

15. By letter dated March 6, 2006, the plaintiff again requested the status of his request. A copy of the plaintiff's letter dated March 6, 2006, is attached as Exhibit J.

16. By letter dated March 16, 2006, DEA again informed the plaintiff that his request would be handled in chronological order based on the date of receipt and would be handled as expeditiously as possible when it was assigned for processing. A copy of the DEA letter dated March 16, 2006, is attached as Exhibit K.

17. By letter dated October 24, 2006, DEA released portions of 96 pages and seven (7) pages in their entirety to the plaintiff, and informed the plaintiff that 119 pages were withheld in their entirety. Information was withheld pursuant to FOIA exemptions (b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(F).

18. In the letter dated October 24, 2006, DEA informed the plaintiff that a litigation review had been conducted of his FOIA request and that there were a total of 44 DEA investigative files in

-4-

which he is mentioned, 22 headquarters files and 22 corresponding field files. DEA also informed the plaintiff that of the 22 file numbers, five (5) are designated Subject/Defendant and the remaining 17 are related files. DEA further informed the plaintiff that five (5) headquarters and one (1) field Subject/Defendant files were searched.

19. DEA informed the plaintiff that the approximate estimated cost of searching and processed is $3,000, and that if he wished the fee to be reduced, he could elect to have only the headquarters or field files searched, or limiting his request to subject/defendant or related files, and/or specifying a period of time in which case files were established or reports created. DEA afforded the plaintiff 30 days of his receipt of the letter to respond or it would be presumed he did not wish the files to be processed. A copy of the DEA letter dated October 24, 2006, is attached as Exhibit L.

20. The plaintiff received the letter on October 30, 2006. A copy of the return receipt is attached as Exhibit M.

21. As of the time of the execution of this declaration, the plaintiff has not responded to the DEA letter dated October 26, 2006.

22. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct.

_12-5-06_  
Date

_Leila I. Wassom_  
Leila I. Wassom  
Paralegal Specialist  
Office of Chief Counsel  
Drug Enforcement Administration  
Washington, D.C. 20537