UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE GERALD RIDER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-1091 (GK) |
| ) | |
| **DRUG ENFORCEMENT** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Defendant has filed a motion to dismiss or, in the alternative, for summary judgment. Plaintiff is proceeding *pro se*. The Court will rule on defendant's motion taking into consideration the facts proffered by plaintiff in his complaint, along with his response or opposition to the motion, and the entire record of the case.

If plaintiff fails to respond to this motion, the Court may assume that the motion is conceded and may grant the motion and dismiss the case. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Because defendant has filed a motion for summary judgment, plaintiff is also advised that the Court will accept as true "any factual assertions in the [defendant's] affidavits" unless plaintiff "submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)(quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

Rule 56(e) of the Federal Rules of Civil Procedure provides specifically that

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be

> attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgement, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus parties such as plaintiff, against whom a motion for summary judgment has been filed, must rebut the moving party's affidavits with other affidavits or sworn statements. Simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, however, a verified complaint will serve as an affidavit. *See Neal*, 963 F.2d at 457-58. Accordingly, it is

**ORDERED** that plaintiff shall respond to the defendant's motion to dismiss or, in the alternative, for summary judgment by **January 6, 2007**. If plaintiff does not respond by that date, the Court may treat the motion as conceded and enter judgment in favor of defendant.

/s/
GLADYS KESSLER
United States District Judge

DATE: December 6, 2006